**Supreme Court**

No. 2012-136-M.P.

(PC 11-890)

Lina Cruz                              :

v.                              :

Mortgage Electronic Registration Systems,      :
Inc., et al.                              :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Lina Cruz                                          :

v.                                          :

Mortgage Electronic Registration Systems,   :
Inc., et al.                                          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  We granted the defendant Mortgage Electronic Registration Systems, Inc.'s (MERS or defendant) petition for a writ of certiorari, which sought review of a Superior Court decision denying its motion for a protective order as to discovery sought by the plaintiff, Lina Cruz (Cruz or plaintiff).[1]  This case came before the Supreme Court for oral argument on December 2, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this petition should not be decided without further briefing and argument.  After considering the parties' submitted memoranda and oral arguments, we are satisfied that cause has not been shown.  Accordingly, we shall decide the petition at this time without further briefing or argument.  For the reasons set forth herein, we quash the order denying MERS' motion for a protective order.

---

[1] For a detailed explanation of the role of MERS in the mortgage industry, we refer the reader to our opinion in Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

# I

## Facts and Travel

On February 23, 2007, Cruz executed a promissory note (the note) in favor of New Century Mortgage Corporation (New Century) in the amount of $334,400, plus interest.[2] The note stated in relevant part: "I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" To secure payment obligations under the note, Cruz executed a mortgage (the mortgage) on her real estate located at 24 Janet Drive, Johnston, Rhode Island (the property). The mortgage deed denominated Cruz as the borrower and mortgagor and specified that MERS was the mortgagee, acting as nominee for lender New Century, and lender's successors and assigns. The mortgage deed included the statutory power of sale in favor of MERS as well as its "successors and assigns." In the event that Cruz failed to fulfill her obligations under the note, it was provided that MERS had the right to enforce its interests, "including, but not limited to, the right to foreclose and sell the Property." The mortgage deed was duly executed and recorded in the Land Evidence Records for the Town of Johnston on February 26, 2007.

New Century subsequently endorsed and transferred the note to USA Residential Properties, LLC (USA Residential), and on August 1, 2010, Rushmore Loan Management Services, LLC (Rushmore) became the servicer for Cruz's loan. On August 8, 2008, MERS, as nominee for the original lender, New Century, assigned its interest in the mortgage to ACT Properties, LLC (ACT Properties); and, on April 13, 2010, ACT Properties assigned its interest in the mortgage to USA Residential.

---

[2] Juan Vargas also executed the promissory note and the mortgage, but he is not a party to this action.

When Cruz failed to make timely payments, Rushmore, acting on behalf of USA Residential, initiated foreclosure proceedings, sending notice of default to Cruz and scheduling a foreclosure sale for February 18, 2011. On February 15, 2011, Cruz filed an action in the Providence County Superior Court seeking a declaratory judgment, injunctive relief, an order quieting title, and compensatory damages. The complaint alleged that the assignment from MERS to ACT Properties was invalid because the signer was unauthorized and that defendants lacked standing to foreclose. The Superior Court responded by issuing a temporary restraining order halting the foreclosure sale.

On July 28, 2011, MERS filed a motion for summary judgment on the grounds that, among other things, Cruz did not have standing to challenge the assignments of the mortgage. On July 29, 2011, pursuant to Rule 30(b)(6) of the Superior Court Rules of Civil Procedure, Cruz responded by filing a notice to depose a MERS designee on twenty topics, most concerning the authority of Francis J. Nolan, the official who executed the aforementioned mortgage assignment from MERS to ACT Properties. On November 2, 2011, after the parties agreed to continue the deposition to a future date, Cruz filed a second Rule 30(b)(6) notice to depose a MERS designee. In response, MERS filed a motion for a protective order, in which it argued that Cruz's requests sought information that was irrelevant, overly broad, and unduly burdensome. At a November 16, 2011 hearing, a Superior Court justice denied the motion for a protective order; and, on December 12, 2011, an order implementing the decision was entered. On January 6, 2012, Cruz filed a third Rule 30(b)(6) notice to depose a MERS designee, but this deposition was canceled by agreement of the parties.

On January 26, 2012, Cruz filed a fourth Rule 30(b)(6) notice to depose a MERS designee as to the authority of the official who executed the assignment from MERS to ACT

Properties, and MERS responded by filing a second motion for a protective order.[3] The hearing justice denied the motion for a protective order at a March 27, 2012 hearing, and an order implementing that decision was entered on April 12, 2012.[4] On May 2, 2012, MERS filed a petition for a writ of certiorari to this Court; and, on June 12, 2013, this Court granted the petition, directing the parties to address the issue of Cruz's standing in light of Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

## II

## Standard of Review

"Our review of a case on certiorari is limited to an examination of 'the record to determine if an error of law has been committed.'" State v. Poulin, 66 A.3d 419, 423 (R.I. 2013) (quoting State v. Greenberg, 951 A.2d 481, 489 (R.I. 2008)). This Court will reverse the lower court decision only when it "find[s] pursuant to the petition that the [hearing justice] committed an error of law." Huntley v. State, 63 A.3d 526, 531 (R.I. 2013) (quoting State v. Shepard, 33 A.3d 158, 163 (R.I. 2011)).

## III

## Discussion

Before us, MERS argues that the hearing justice erred in failing to restrict discovery because plaintiff has no standing to challenge the validity of an assignment to which she is neither a party nor a third-party beneficiary. MERS asserts that any contention on the part of plaintiff that its officials lacked the requisite authority renders the assignments, at most, voidable, and not void. Cruz, on the other hand, challenges the authority of Francis J. Nolan to sign the

---

[3] The four notices to depose served practically the same purpose, but it is the fourth notice that provides the basis for this Court's review of defendant's motion for a protective order.

[4] On that same day, the hearing justice continued defendant's motion for summary judgment until Cruz was able to conduct discovery with regard to MERS.

assignment of the mortgage on behalf of MERS and contends that the hearing justice did not err because the issue of an agency relationship between MERS and the owner of the note is a question of fact.

"Standing is a threshold inquiry into whether the party seeking relief is entitled to bring suit." Narragansett Indian Tribe v. State, 81 A.3d 1106, 1110 (R.I. 2014) (citing Blackstone Valley Chamber of Commerce v. Public Utilities Commission, 452 A.2d 931, 932, 933 (R.I. 1982)). When one party challenges standing, "the focal point shifts to the claimant, not the claim, and a court must determine if the plaintiff 'whose standing is challenged is a proper party to request an adjudication of a particular issue and not whether the issue itself is justiciable' * * *." Id. (quoting McKenna v. Williams, 874 A.2d 217, 226 (R.I. 2005)). "[T]he essence of the question of standing is whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to ensure concrete adverseness that sharpens the presentation of the issues * * *." Id. (quoting Blackstone Valley Chamber of Commerce, 452 A.2d at 933).

The determination of whether a party has standing "begins with the pivotal question of whether the party alleges that the challenged action has caused him or her injury in fact." Narragansett Indian Tribe, 81 A.3d at 1110 (citing Pontbriand v. Sundlun, 699 A.2d 856, 862 (R.I. 1997)). It is required that the alleged injury in fact be "an invasion of a legally protected interest which is (a) concrete and particularized * * * and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" Pontbriand, 699 A.2d at 862 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). In addition, "standing is generally limited to those plaintiffs asserting their own rights, not the rights of others." Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 535 (R.I. 2013) (citing Rhode Island Ophthalmological Society v. Cannon, 113 R.I. 16, 27, 317 A.2d 124, 130 (1974)). This Court has rejected the

proposition that "an individual who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable." Sousa v. Town of Coventry, 774 A.2d 812, 815 n.4 (R.I. 2001); see also DePetrillo v. Belo Holdings, Inc., 45 A.3d 485, 492 (R.I. 2012) (rebuffing a third party's attempt to invalidate a contract).

This Court first addressed the issue of standing to challenge the assignment of a mortgage in Mruk, where we carved out an exception to the general rule espoused in DePetrillo that third parties do not have standing to challenge a contract. In Mruk, we recognized that our jurisprudence appeared to be dispositive on this issue, but we concluded that those cases were "paint[ed] with too broad a brush." Mruk, 82 A.3d at 536 (quoting Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 290 (1st Cir. 2013)). Distinguishing Mruk from the typical third party standing case, we reasoned that "the homeowners here are not attempting to assert the rights of one of the contracting parties; instead, the homeowners are asserting their own rights not to have their homes unlawfully foreclosed upon." Id. Consequently, we found that the homeowners had standing to "challenge the assignment of mortgages on their homes to the extent necessary to contest the foreclosing entity's authority to foreclose." Id. We cautioned, however, that this holding should be narrowly construed to encompass only those situations where a mortgagor challenges an "'invalid, ineffective, or void' assignment of the mortgage." Id. (quoting Culhane, 708 F.3d at 291). Moreover, we agreed that mortgagors do "not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass legal title." Id. (quoting Culhane, 708 F.3d at 291).

The United States Court of Appeals for the First Circuit recently limited standing to challenges of assignments that are void, as opposed to voidable, in Wilson v. HSBC Mortgage

Services, Inc., 744 F.3d 1 (1st Cir. 2014).[5]  In Wilson, the First Circuit explained that a plaintiff has standing to challenge an "assignment as void because success on the merits would prove the purported assignee is not, in fact, the mortgagee and therefore lacks any right to foreclose on the mortgage."  Id. at 9.  The First Circuit acknowledged, however, that a homeowner does not have standing "to claim the assignment is voidable because the assignee still would have received legal title vis-[à]-vis the homeowner."  Id.  As a result, even successfully proving that an assignment is voidable "would not affect the rights as between those two parties or provide the homeowner with a defense to the foreclosure action."  Id.

Our case law regarding the distinction between void and voidable contracts is consistent with the First Circuit's reasoning in Wilson.  We have long held that a void contract is a nullity, but that a voidable contract affects only one party and "may be either ratified or rescinded at that party's election."  Moura v. Mortgage Electronic Registration Systems, Inc., 90 A.3d 852, 857 (R.I. 2014).  In Bishop v. Kent & Stanley Co., 20 R.I. 680, 684-85, 41 A. 255, 257 (1898), we held that a contract executed beyond the scope of the signer's authority was not void, but instead that it was voidable at the election of the corporation.  The Bishop Court applied that principle to mortgage assignments and concluded that a mortgage is voidable only by the mortgagee even in the absence of signer authority.  Id.

Distinguishing void from voidable contracts, the First Circuit similarly reasoned that a corporate officer acting outside the scope of his or her authority creates a voidable contract that can legally be ratified by the corporation.  Wilson, 744 F.3d at 10.  A void contract is one that cannot be enforced, and in the mortgage context, a void assignment "is one in which the putative

---

[5] Although, up to now, this Court has not fully adopted Wilson, the First Circuit's analysis has been cited with approval in both Moura v. Mortgage Electronic Registration Systems, Inc., 90 A.3d 852, 856-57 (R.I. 2014), and Breggia v. Mortgage Electronic Registration Systems, Inc., 102 A.3d 636, 640 n.4 (R.I. 2014).

assignor 'never properly held the mortgage and, thus, had no interest to assign.'" Id. (quoting Culhane, 708 F.3d at 291). In Wilson, the First Circuit further acknowledged that a challenge to a mortgage assignment on the ground that the assignor "never possessed a legally transferrable interest" alleges a void, as opposed to voidable, assignment. Id. (quoting Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354 (1st Cir. 2013)).

It is in the context of adopting the First Circuit's rationale in Wilson that we apply the void versus voidable analysis to the facts of the present case. In her notices to depose, Cruz made it clear that she intended to obtain information relating to the authority of certain officials, specifically Mr. Nolan, to execute the mortgage assignment from MERS to ACT Properties on behalf of MERS. However, even assuming that Cruz can prove that Mr. Nolan lacked the authority to execute the mortgage assignment on behalf of MERS, this would not render the assignment void; instead, the assignment would be voidable at the election of one of the parties to the contract. See Wilson, 744 F.3d at 10 ("[W]hen a corporate officer acts beyond the scope of his authority, '[h]is acts in excess of his authority, although voidable by the corporation, legally could be ratified and adopted by it.'") (quoting Commissioner of Banks v. Tremont Trust Co., 156 N.E. 7, 15 (Mass. 1927)). Because Cruz merely alleges that the assignment is voidable, and because she was not a party to the assignment, she lacks standing to challenge it, and she is not entitled to engage in discovery pertaining to the authority issue. See id. at 9 ("[A] * * * mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective * * *.") (quoting Culhane, 708 F.3d at 291).[6]

---

[6] In her complaint, Cruz alleged that the assignments in the present case were fraudulently prepared. Pursuant to Rule 9(b) of the Superior Court Rules of Civil Procedure, however, allegations of fraud must be stated with particularity to provide the basis for a claim. Cf.

We are of the opinion that the hearing justice's endorsement of standing through a denial of the defendant's motion for a protective order was an error of law. The challenge to Mr. Nolan's authority should have been treated as an allegation that the assignment was, at most, voidable. As such, it is our opinion that the hearing justice should have granted the motion for a protective order.

## IV

## Conclusion

Accordingly, the hearing justice's denial of the motion for a protective order is quashed, and the matter is remanded to the Superior Court for further proceedings in accordance with this opinion.

---

Langadinos v. American Airlines, Inc., 199 F.3d 68, 73 (1st Cir. 2000) ("In all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity.") (quoting Rule 9(b) of the Federal Rules of Civil Procedure); see also North American Catholic Educational Programming Foundation, Inc. v. Cardinale, 567 F.3d 8, 16 (1st Cir. 2009) ("Rule 9(b) [of the Federal Rules of Civil Procedure] is intended to set a higher than normal threshold of specificity in factual allegations before the discovery machinery can be set in motion."). In the present case, Cruz has failed to allege facts that would elicit an inference of fraudulent intent; and, as a result, she has failed to sufficiently allege fraud. See Hayduk v. Lanna, 775 F.2d 441, 444 (1st Cir. 1985) ("[M]ere allegations of fraud * * * are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated."). As such, even if Cruz had standing to challenge Mr. Nolan's authority, she may have been barred from commencing discovery relating to her fraud claims.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**         Lina Cruz v. Mortgage Electronic Registration Systems, Inc., et al.

**CASE NO:**         No. 2012-136-M.P.
                     (PC 11-890)

**COURT:**         Supreme Court

**DATE OPINION FILED:**   January 13, 2015

**JUSTICES:**         Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**         Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                     Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

                     For Plaintiff:  John B. Ennis, Esq.

                     For Defendant:  Jennifer J. Normand, Esq.