**Supreme Court**

No. 2013-262-Appeal.
No. 2012-127-M.P.
(PC 10-5902)

|                                  |   |
|----------------------------------|---|
| Rafael Genao                     | : |
| v.                               | : |
| Litton Loan Servicing, L.P., et al. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2013-262-Appeal.
No. 2012-127-M.P.
(PC 10-5902)

Rafael Genao            :

v.            :

Litton Loan Servicing, L.P., et al.     :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The plaintiff, Rafael Genao (Genao or plaintiff), appeals from the entry of summary judgment against him and in favor of the defendants Litton Loan Servicing, L.P. (Litton) and Deutsche Bank, National Trust Company (Deutsche Bank) (No. 2013-262-A.).  In a related matter, we granted Mortgage Electronic Registration Systems, Inc.'s (MERS) petition for a writ of certiorari, which sought review of a Superior Court order denying its motion for a protective order (No. 2012-127-M.P.).[1]  Although they were not consolidated, both matters came before this Court for oral argument on December 2, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the matters at this time without further briefing or argument.  For the reasons set forth herein, we affirm the grant of summary judgment and quash the order denying MERS' motion for a protective order.

---

[1] For a detailed explanation of the role of MERS in the mortgage industry, we refer the reader to our opinion in Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

# I

## Facts and Travel

On July 31, 2006, Genao obtained a mortgage loan (the loan) from Equity One, Inc. d/b/a Equity One Mortgage Company (Equity One). The loan was secured by commercial real property located at 701 Cranston Street, Providence, Rhode Island (the property).[2] In connection with the loan, Genao executed a promissory note (the note) dated July 31, 2006, in the amount of $378,750, in favor of Equity One. The note stated in relevant part: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" To secure payment obligations under the note, Genao executed a mortgage (the mortgage) on the property in favor of MERS. The mortgage deed denominated Genao as the borrower and mortgagor and specified that MERS was the mortgagee, acting as nominee for lender, Equity One, and lender's successors and assigns. The mortgage deed included the statutory power of sale in favor of MERS as well as its "successors and assigns." In the event that Genao failed to fulfill his obligations under the note, it was provided that MERS had the right to enforce its interests, "including, but not limited to, the right to foreclose and sell the Property."

Equity One subsequently transferred the note to CBA Commercial, LLC, which then transferred the note to Deutsche Bank. Litton was then retained to service the loan on behalf of Deutsche Bank. On August 22, 2008, MERS, as nominee for original lender Equity One, assigned its interest in the mortgage to Deutsche Bank.[3] On May 1, 2009, Genao executed a

---

[2] Francisca Ortiz also executed the promissory note and the mortgage, but she is not a party to this action.

[3] On January 11, 2011, MERS executed a corrective assignment of the mortgage to correct a scrivener's error regarding the notary date in the 2008 mortgage assignment.

modification on the loan agreement, affirming his indebtedness to Deutsche Bank under the note and the mortgage.

When Genao failed to make timely payments, Litton and Deutsche Bank initiated foreclosure proceedings, sending notice of default to Genao and scheduling a foreclosure sale for October 13, 2010. On October 12, 2010, Genao filed an action in the Providence County Superior Court seeking declaratory relief, injunctive relief, an order quieting title, and compensatory damages. The complaint alleged that the assignment from MERS to Deutsche Bank was invalid because the signer did not have authority and that defendants lacked standing to foreclose. The Superior Court responded by issuing a restraining order halting the foreclosure.

On January 26, 2012, pursuant to Rule 30(b)(6) of the Superior Court Rules of Civil Procedure, Genao filed a notice to depose a MERS designee on thirty "topics," most concerning the authority of Denise Bailey, the official who authorized the aforementioned mortgage assignments. In response, MERS filed a motion for a protective order, in which it argued that Genao lacked standing to challenge an assignment to which he was not a party. At a February 28, 2012, hearing, a Superior Court justice (the first hearing justice) denied the motion for a protective order on nearly all of the intended deposition topics, thereby permitting Genao to conduct the depositions and engage in further discovery.[4] On April 10, 2012, an order implementing this decision was entered. On April 23, 2012, MERS filed a petition for a writ of certiorari to this Court; and, on June 12, 2013, this Court granted the petition, directing the parties to address the issue of Genao's standing in light of Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

---

[4] The first hearing justice granted the motion for a protective order only as to the topics regarding the location of the noticed deposition.

On May 19, 2012, Litton and Deutsche Bank filed a motion for summary judgment, to which Genao objected.[5] On September 25, 2012, the first hearing justice heard oral argument on the motion for summary judgment. In April 2013, upon learning that a decision on the motion was forthcoming, Genao filed a motion for a continuance and a motion to amend his complaint. On April 24, 2013, a second Superior Court justice (the second hearing justice) issued a bench decision denying Genao's motion for a continuance on the ground that it was not timely and denying his motion to amend on the ground that the proposed amended complaint would not survive summary judgment. The second hearing justice then proceeded to grant Litton and Deutsche Bank's motion for summary judgment, noting that MERS can act as mortgagee and nominee of the note holder and that it also had the power to assign. On May 22, 2013, the second hearing justice entered an order granting partial summary judgment in favor of Litton and Deutsche Bank, as well as an order prohibiting Genao from conducting further discovery as to those two defendants.[6] On June 5, 2013, Genao timely appealed to this Court.

## II

## Standard of Review

"Our review of a case on certiorari is limited to an examination of the 'record to determine if an error of law has been committed.'" State v. Poulin, 66 A.3d 419, 423 (R.I. 2013) (quoting State v. Greenberg, 951 A.2d 481, 489 (R.I. 2008)). This Court will reverse the lower court decision only when it "find[s] pursuant to the petition that the [hearing justice] committed

---

[5] MERS filed its own motion for summary judgment, but the motion was stayed by the first hearing justice pending the resolution of the discovery matter on certiorari.
[6] The matter is still pending against MERS, as this issue comes before us on partial summary judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. See Coro, Inc. v. R. N. Koch, Inc., 112 R.I. 371, 376, 310 A.2d 622, 625 (1973) ("Rule 54(b) * * * authorizes the entry of partial summary judgment in a proper case.").

an error of law." Huntley v. State, 63 A.3d 526, 531 (R.I. 2013) (quoting State v. Shepard, 33 A.3d 158, 163 (R.I. 2011)).

It is well settled that "[t]his Court reviews a trial court's grant of summary judgment de novo." Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 532 (R.I. 2013) (citing Swain v. Estate of Tyre, 57 A.3d 283, 288 (R.I. 2012)). We "view[ ] the evidence in the light most favorable to the nonmoving party." Id. (citing Beauregard v. Gouin, 66 A.3d 489, 493 (R.I. 2013)). "Summary judgment is appropriate when no genuine issue of material fact is evident * * * and the motion justice finds that the moving party is entitled to prevail as a matter of law." Id. (quoting Swain, 57 A.3d at 288). Further, "we will not hesitate to affirm a grant of summary judgment if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *.'" Beauregard, 66 A.3d at 493 (quoting Lavoie v. North East Knitting, Inc., 918 A.2d 225, 228 (R.I. 2007)).

## III

### Discussion

We begin our analysis by addressing the Superior Court's denial of the motion by MERS for a protective order. Before us, MERS argues that the first hearing justice erred in failing to restrict discovery because plaintiff has no standing to challenge the validity of an assignment to which she is neither a party nor a third-party beneficiary. MERS asserts that any contention on the part of plaintiff that its officials lacked the requisite authority renders the assignments, at most, voidable. Genao, on the other hand, challenges the authority of Denise Bailey to sign the assignment of the mortgage on behalf of MERS and contends that the first hearing justice did not err because the issue of an agency relationship between MERS and the owner of the note is a question of fact.

- 5 -

"Standing is a threshold inquiry into whether the party seeking relief is entitled to bring suit." Narragansett Indian Tribe v. State, 81 A.3d 1106, 1110 (R.I. 2014) (citing Blackstone Valley Chamber of Commerce v. Public Utilities Commission, 452 A.2d 931, 932, 933 (R.I. 1982)). "[T]he essence of the question of standing is whether the party seeking relief has alleged such a personal stake in the outcome of the controversy as to ensure concrete adverseness that sharpens the presentation of the issues * * *." Id. (quoting Blackstone Valley Chamber of Commerce, 452 A.2d at 933). This Court has rejected the argument that "an individual who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable." Sousa v. Town of Coventry, 774 A.2d 812, 815 n.4 (R.I. 2001); see also DePetrillo v. Belo Holdings, Inc., 45 A.3d 485, 492 (R.I. 2012) (rebuffing a third party's attempt to invalidate a contract). In Mruk, 82 A.3d at 536, we carved out an exception to the general rule that third parties do not have standing to challenge a contract. Specifically, we held that, because they are asserting their own rights, homeowners have standing to "challenge the assignment of mortgages on their homes to the extent necessary to contest the foreclosing entity's authority to foreclose." Id. We cautioned, however, that this holding should be narrowly construed to encompass only those situations where a mortgagor challenges an "'invalid, ineffective, or void' assignment of the mortgage." Id. (quoting Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013)).

Recently, in Cruz v. Mortgage Electronic Registration Systems, Inc., No. 2012-136-M.P., slip op. at 8 (R.I., filed Jan. 13, 2015), we adopted the rationale of the United States Court of Appeals for the First Circuit in Wilson v. HSBC Mortgage Services, Inc., 744 F.3d 1 (1st Cir. 2014). Expounding upon the exception carved out in Mruk, we agreed with the First Circuit that a challenge to an officer's scope of authority alleges a voidable, rather than void, contract. See

Cruz, slip op. at 8 (citing Wilson, 744 F.3d at 10).  Because the plaintiff merely alleged a voidable contract, and because she was not a party to the assignment, we held that she lacked standing to challenge it.  Id. ("[A] * * * mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective * * *." quoting Wilson, 744 F.3d at 9).  In light of our holding in Cruz, we are of the opinion that, even if residential property formed the basis for his challenge, and it does not, Genao nevertheless lacked standing to challenge the assignment in question.  Consequently, we believe the first hearing justice erred when he denied the motion by MERS for a protective order.

Additionally, the property forming the basis for this suit is commercial, as opposed to residential, and Genao admits to "operat[ing it] as a business and rental property."  It follows, then, that Genao's claims do not fall within the narrow exception we carved out in Mruk for homeowners challenging void assignments.  See Mruk, 82 A.3d at 536 ("[H]omeowners in Rhode Island have standing to challenge the assignment of mortgages on their homes to the extent necessary to contest the foreclosing entity's authority to foreclose.").  Because the property in question is not a personal residence and Genao is not challenging the assignment as a private residential homeowner, we cannot say that he has standing to pursue his claims.  See id. ("[T]his exception is confined to private residential mortgagors challenging the foreclosure of their homes.").  For this further reason, the first hearing justice should have granted the motion by MERS for a protective order.

However, even if we were to assume that Genao had standing to challenge the assignment in question, there is no basis for overturning the second hearing justice's grant of summary judgment in favor of Litton and Deutsche Bank.  Genao contends that summary

judgment should not have been granted because MERS did not possess the note when the mortgage was assigned to Deutsche Bank and because MERS did not have the authority to assign the mortgage. We have addressed and rejected each of these arguments in a series of recent cases dealing with nearly identical issues. See Breggia v. Mortgage Electronic Registration Systems, Inc., 102 A.3d 636, 640-41 (R.I. 2014); see also Mruk, 82 A.3d at 534-37; Bucci, 68 A.3d at 1081-83.

In Bucci, we cited with approval the First Circuit's reasoning in Culhane, explaining that "[t]he law contemplates distinctions between the legal interest in a mortgage and the beneficial interest in the underlying debt[,] [and that] [t]hese are distinct interests [that] may be held by different parties." Bucci, 68 A.3d at 1088 (quoting Culhane, 708 F.3d at 292). As a result, we concluded that the mortgage and note could be separated and that MERS could serve as mortgagee with the statutory power of sale while not simultaneously holding the note. See id. at 1081 ("The plaintiffs explicitly granted the statutory power of sale and the right to foreclose to MERS * * *."). We see no reason to depart from that rationale in the present case.

Further, in Mruk, we rejected the argument that MERS lacked the authority to assign the mortgage on the ground that MERS, as the holder of the legal title to the mortgage, "always * * * acted as an agent of the owner of the equitable title." Mruk, 82 A.3d at 537 (quoting Bucci, 68 A.3d at 1088). Given that the facts of the present case are almost identical to those in Mruk, we see no reason to deviate from our reasoning in that case. Accordingly, we find no basis for reversing the second hearing justice's grant of summary judgment in favor of Litton and Deutsche Bank.

## IV

## Conclusion

In conclusion, we quash the order denying MERS' motion for a protective order. The grant of summary judgment in favor of Litton and Deutsche Bank is hereby affirmed. The record shall be remanded to the Superior Court for further proceedings consistent with this opinion.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Rafael Genao v. Litton Loan Servicing, L.P., et al.

**CASE NO:**  No. 2013-262-Appeal.
No. 2012-127-M.P.
(PC 10-5902)

**COURT:**  Supreme Court

**DATE OPINION FILED:**  January 16, 2015

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

Associate Justice Bennett R. Gallo

**ATTORNEYS ON APPEAL:**

For Plaintiff:  John B. Ennis, Esq.

For Defendants:  Michael P. Robinson, Esq.