**Supreme Court**

No. 2015-83-Appeal.
(WC 14-117)

Mark DePasquale et al.                    :

v.                                        :

Linda Cwiek, in her capacity as           :
Tax Assessor for the Town of              :
North Kingstown.                          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Mark DePasquale et al.          :

          v.                    :

Linda Cwiek, in her capacity as   :
Tax Assessor for the Town of      :
North Kingstown.                  :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.** In this matter, we are faced with determining whether a wind turbine is exempt from local property taxation. The defendant, Linda Cwiek, in her capacity as Tax Assessor for the Town of North Kingstown (the town or defendant), appeals from an order granting summary judgment against her and in favor of Mark and June DePasquale (the DePasquales or plaintiffs). On December 10, 2015, this case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

The facts of this case are straightforward and undisputed. In 2011, the DePasquales allowed a wind turbine to be built[1] on their property located at 42 Thorton Way in North Kingstown, Rhode Island. This turbine produces electricity which is sold directly to National Grid pursuant to a standard Power Purchase Agreement, conforming with G.L. 1956 chapter 26.2 of title 39. Importantly, none of the electricity produced by this wind turbine is sold to the public.

On December 31, 2012, the town assessed the DePasquale wind turbine at a value of $1.9 million and issued a tax bill seeking the payment of annual tangible personal property taxes. The DePasquales took the position that the wind turbine was tax-exempt and, on that basis, appealed the assessment to the North Kingstown Tax Assessor and then to the North Kingstown Tax Board of Review, both of which denied their appeal. On March 5, 2014, the DePasquales filed the instant action in Superior Court and, after some discovery was conducted, filed a motion for summary judgment. After hearing argument from both parties, the hearing justice concluded that, based on her interpretation of the statutes and applicable case law, "[the] wind turbine must be determined to be manufacturing equipment that is exempt from taxation." Accordingly, the hearing justice granted the DePasquales' motion for summary judgment. The town timely appealed to this Court.

---

[1] This turbine is owned by WED NK Green, LLC, of which Mark DePasquale is the only member. For ease of reference, we refer to the wind turbine as the "DePasquale wind turbine."

## II

## Standard of Review

It is a bedrock principle that this Court reviews a hearing justice's grant of a motion for summary judgment in a de novo manner. Pichardo v. Stevens, 55 A.3d 762, 765 (R.I. 2012). In so doing, "[w]e apply the same standards and rules as did the motion justice." Id. While summary judgment is a drastic remedy, it is nevertheless appropriate when, "viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Id. (quoting Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126 (R.I. 2001)).

## III

## Discussion

Two specific exemptions from property taxation relate to manufacturing machinery and equipment. Specifically, G.L. 1956 § 44-3-3(20) exempts manufacturer's inventory from property tax and § 44-3-3(22) exempts manufacturing machinery and equipment acquired or used by a manufacturer and purchased after December 31, 1974, from taxation. To qualify for the exemption listed in § 44-3-3(22)(i), machinery and equipment must be "used exclusively in the actual manufacture or conversion of raw materials or goods in the process of manufacture by a manufacturer[,] * * * [or] used exclusively by a manufacturer for research and development or for quality assurance of its manufactured products[.]" Section 44-3-3(22) refers to § 44-3-3(20)(i) to provide the definition of a manufacturer, which provides, in pertinent part:

> "[A] person is deemed to be a manufacturer within a city or town within this state if that person uses any premises, room, or place in it primarily for the purpose of transforming raw materials into a finished product for trade through any or all of the following operations: adapting, altering, finishing, making, and ornamenting;

- 3 -

provided, that public utilities, non-regulated power producers commencing commercial operation by selling electricity at retail or taking title to generating facilities on or after July 1, 1997[,] * * * are excluded from this definition[.]" Section 44-3-3(20)(i).

In other words, if the DePasquale wind turbine transforms raw materials into a finished product through "adapting, altering, finishing, making, [or] ornamenting[,]" id., then it is exempt from taxation, unless the turbine is deemed to be a public utility or a non-regulated power producer that commenced operation by selling electricity at retail or taking title to the generating facility on or after July 1, 1997.

The first question presented to this Court is whether the DePasquales meet the definition of manufacturer set forth in § 44-3-3(20), thus giving the turbine tax-exempt status. It appears to be uncontested that the wind turbine is used exclusively for the purpose of transforming raw materials—namely, wind—into a finished product—namely, electricity. Thus, the only remaining issue is whether the DePasquale wind turbine falls within the exclusion to the definition. However, the town conceded below that the DePasquale wind turbine is not a public utility and is not a non-regulated power producer selling electricity at retail.[2]

Before this Court, the town argues that the manufacturing equipment exemption is inapplicable because the DePasquales' sale of electricity from the turbine to National Grid constitutes a "sale at wholesale" which—the town contends—places the turbine within the exclusion from the definition of manufacturing equipment.[3] The town appears to have plucked

---

[2] Notably, the town has not presented any argument—either before this Court or below—with regard to whether the portion of the statutory provision that excludes "non-regulated power producers * * * taking title to generating facilities on or after July 1, 1997[,]" G.L. 1956 § 44-3-3(20)(i), is applicable to the DePasquale wind turbine. Thus, any argument in that regard is deemed waived. See Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 430-31 (R.I. 2013).

[3] Because we conclude that the town's argument is meritless, we need not address whether it was waived below. Nevertheless, we acknowledge that the only reference to this argument below

- 4 -

this "sale at wholesale" language from the definition of non-regulated power producer in G.L. 1956 § 39-1-2(19). Specifically, § 39-1-2(19) provides, in pertinent part: "'Nonregulated power producer' means a company engaging in the business of producing, manufacturing, generating, buying, aggregating, marketing or brokering electricity for sale at wholesale or for retail sale to the public * * *." However, the specific language of the exemption provided in § 44-3-3(20) does not exclude from it all non-regulated power producers as would be required to render the town's argument worth merit. Rather, § 44-3-3(20) excludes from exemption only those "non-regulated power producers commencing commercial operation by selling electricity at retail or taking title to generating facilities on or after July 1, 1997[.]" In excluding only certain non-regulated power producers, § 44-3-3(20) is unambiguous; and, thus, we must give effect to the plain and ordinary meaning of its terms. See Olamuyiwa v. Zebra Atlantek, Inc., 45 A.3d 527, 534 (R.I. 2012) ("It is a well-established principle of statutory interpretation that 'when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings.'" (quoting Planned Environments Management Corp. v. Robert, 966 A.2d 117, 121 (R.I. 2009))). In drafting the exemption in this way, the Legislature chose to exclude from it only certain types of non-regulated power producers from property taxation. See id. ("In reviewing the language of a statute, 'our ultimate goal is to give effect to the General Assembly's intent,' and we have repeatedly observed that '[t]he plain statutory language is the best indicator of [such] intent.'" (quoting DeMarco v. Travelers Insurance Co., 26 A.3d 585, 616 (R.I. 2011))). Given that those

was made by the trial justice in a colloquy with counsel for the DePasquales. We note that the town's failure to press this argument below may have resulted in it being deemed waived, as it is questionable whether the hearing justice's passing reference was sufficient to preserve the issue for appeal. See Peloquin, 61 A.3d at 430-31 (concluding that, pursuant to our well-settled "raise-or-waive" rule, an argument not presented when a party moved for summary judgment was deemed waived and not preserved for this Court's review).

- 5 -

brokering electricity "for sale at wholesale" were not included in this exclusion from the exemption, we find the town's argument unconvincing.

The town's second and final contention is based on § 44-3-21, which provides that "[t]he city or town councils of the various cities and towns may, by ordinance, exempt from taxation any renewable energy system located in the city or town." Citing that statute, the town argues that renewable energy systems are exempt from taxation only if a particular municipality enacts an ordinance to exempt them from taxation. In support, the town argues that § 44-3-21 reflects the legislative intent that renewable energy systems are generally taxable and that, in adopting this statute, the Legislature has given municipalities the authority to exempt such systems from taxation should the municipality desire to do so.

However, contrary to the town's suggestion, § 44-3-21 merely grants the various cities and towns the authority to grant tax exemption to renewable energy systems <u>in addition to</u> the tax exemptions already provided within § 44-3-3. By no stretch can the language of § 44-3-21 be construed to suggest that the Legislature intended renewable energy systems to be exempt <u>only if</u> the various cities and towns enact such ordinances. Further, such an interpretation would render § 44-3-21 inconsistent with § 44-3-3, which, in defining "manufacturer," expressly creates an exception for public utilities and certain non-regulated power producers. We note that "'statutes relating to the same subject matter should be considered together so that they will harmonize with each other and be consistent' with their general objective scope." <u>South County Post & Beam, Inc. v. McMahon</u>, 116 A.3d 204, 215 (R.I. 2015) (quoting <u>Such v. State</u>, 950 A.2d 1150, 1156 (R.I. 2008)). Additionally, we have recognized that the "'ultimate goal' in interpreting a statute is 'to give effect to the General Assembly's intent[,]' which is best 'found in the plain language used in the statute.'" <u>Tarzia v. State</u>, 44 A.3d 1245, 1252 (R.I. 2012) (quoting

Kingston Hill Academy v. Chariho Regional School District, 21 A.3d 264, 271 (R.I. 2011)).

Here, the terms of § 44-3-21 and § 44-3-3 are consistent. Specifically, § 44-3-3 requires that certain property, including certain non-regulated power producers, be exempt from property tax; at the same time, § 44-3-21 permits a municipality to exempt from taxation renewable energy systems that may otherwise be taxable. Accordingly, in light of the language provided in § 44-3-21, and reading it in conjunction with § 44-3-3, we cannot accept the town's interpretation that renewable energy systems are exempted from taxation only upon municipal ordinance.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        Mark DePasquale et al. v. Linda Cwiek, in her capacity as Tax Assessor for the Town of North Kingstown.

**CASE NO:**               No. 2015-83-Appeal.
                           (WC 14-117)

**COURT:**                 Supreme Court

**DATE OPINION FILED:**    January 14, 2016

**JUSTICES:**              Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**            Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**      Washington County Superior Court

**JUDGE FROM LOWER COURT**:

                           Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

                    For Plaintiffs:   Lauren E. Jones, Esq.
                                      Seth H. Handy, Esq.

                    For Defendant:  James H. Reilly, Esq.