**Supreme Court**
No. 2012-94-Appeal.

Osaretin A. Porter            :

v.            :

First NLC Financial Services, LLC et al.    :


**O R D E R**

The plaintiff, Osaretin A. Porter, appeals from the Superior Court's grant of summary judgment against her and in favor of Mortgage Electronic Registration Systems, Inc. (MERS) and Beltway Capital, LLC (Beltway).  This appeal came before the Court for oral argument on May 3, 2016 pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

It is well established that this Court reviews the grant of a motion for summary judgment in a de novo manner, applying the same standards and rules that the motion justice applied.  Pichardo v. Stevens, 55 A.3d 762, 765 (R.I. 2012); see DePasquale v. Cwiek, 129 A.3d 72, 75 (R.I. 2016).  This Court will affirm the trial court's grant of summary judgment "only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012) (internal quotation marks omitted); see Mutual

Development Corp. v. Ward Fisher & Co., LLP, 47 A.3d 319, 323 (R.I. 2012). The nonmoving party bears the burden of producing "competent evidence that prove[s] the existence of a disputed issue of material fact[.]" Moura v. Mortgage Electronic Registration Systems, Inc., 90 A.3d 852, 856 (R.I. 2014) (internal quotation marks omitted). The nonmoving party "cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Id. (quoting Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 532 (R.I. 2013)).

In a memorandum filed pursuant to Article I, Rule 12(A) of the Supreme Court's Rules of Appellate Procedure, plaintiff raised a number of arguments, most of which have since been resolved by our decision in Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069 (R.I. 2013). The following are the only contentions by plaintiff that remain unresolved after the issuance of Bucci: (1) that the agency relationship between MERS and First NLC Financial Services, LLC (First NLC) was terminated when First NLC declared bankruptcy, resulting in the inability of MERS to foreclose on plaintiff's property; and (2) that the statutory foreclosure scheme is unconstitutional because it allows "property rights to be taken without judicial review" in violation of plaintiff's due process rights. In a post-Bucci memorandum filed in accordance with our order of March 19, 2013, plaintiff made the following additional arguments: (1) that the purported First NLC bankruptcy terminated any MERS agency relationship with First NLC and that the motion justice erred in failing to take judicial notice of First NLC's bankruptcy; (2) that her verified complaint raised issues of fact relating to the identity of the servicer of her loan and "the factual existence of an agency relationship between MERS and any entity as a principal;" and (3) that the foreclosure process was "defective" and did not comply with the statutory foreclosure scheme in that MERS bid "without owning the note and then assign[ed] its bid to Beltway Capital LLC several days after the auction without having continued the auction."

With respect to plaintiff's contentions that the bankruptcy of First NLC terminated the agency relationship between MERS and First NLC and that the motion justice erred in failing to take judicial notice of the bankruptcy pursuant to Rule 201(d) of the Rhode Island Rules of Evidence, we note that the record contains no competent evidence to establish that First NLC in fact declared bankruptcy; and, similarly, plaintiff has not demonstrated that she requested that the motion justice take judicial notice of the bankruptcy of First NLC. See Mruk, 82 A.3d at 532; see also Rule 201(d) (providing that a "court shall take judicial notice if requested by a party and supplied with the necessary information"). Accordingly, this issue is not properly before us.

The plaintiff also failed to provide competent evidence sufficient to raise a genuine issue of material fact as to the identity of the servicer of the loan and whether there was evidence of an agency relationship between MERS and any other entity. See Mruk, 82 A.3d at 532. By contrast, defendants submitted affidavits that provided a sufficient basis for the grant of summary judgment.

Furthermore, the plaintiff's contention that the statutory foreclosure scheme violated her constitutional due process rights was not raised below. As such, the "raise or waive" rule, to which this Court staunchly adheres, applies; accordingly, the plaintiff's due process contention is not properly before us. State v. Figuereo, 31 A.3d 1283, 1289 (R.I. 2011) ("It is well-settled that this Court will not review issues that were not presented to the trial court in such a posture as to alert the trial justice to the question being raised.") (internal quotation marks omitted). And, we would note that the criteria for invoking the narrow exception to that rule are absent from the instant case. See In re Shy C., 126 A.3d 433, 435 (R.I. 2015). For the same reason, we are unable to consider the plaintiff's specific contention that the instant foreclosure did not comply

with the statutory foreclosure scheme in that MERS bid "without owning the note and then assign[ed] its bid to Beltway Capital LLC several days after the auction without having continued the auction" due to the fact that she did not so contend in the Superior Court.  See id.; Figuereo, 31 A.3d at 1289.

We have carefully reviewed all materials submitted to this Court by the plaintiff and all of the arguments made therein; and, with respect to the issues that have been preserved, we have been unable to perceive any merit in the plaintiff's contentions.  Accordingly, the plaintiff's appeal is denied and dismissed.

Entered as an Order of this Court, this 13th day of June, 2016.

By Order,

/s/

Clerk


**TITLE OF CASE:**     Osaretin A. Porter v. First NLC Financial Services, LLC et al.

**CASE NO:**     **N**o. 2012-94-Appeal.
(PC 10-2526)

**COURT:**     Supreme Court

**DATE ORDER FILED:**     June 13, 2016

**JUSTICES:**     Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**     N/A – Court Order

**SOURCE OF APPEAL:**     Providence County Superior Court

**JUDGE FROM LOWER COURT**:

     Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

     For Plaintiff:   George E. Babcock, Esq.

     For Defendant:   Scott C. Owens, Esq.