January 16, 2018

**Supreme Court**

No. 2016-166-M.P.

Joseph A. J. Paiva :

v. :

Christopher J. Parella, Chief of Police for :
the City of East Providence.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Joseph A. J. Paiva　　　　　　　　:

v.　　　　　　　　　　　　:

Christopher J. Parella, Chief of Police for　:
　　the City of East Providence.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The petitioner, Joseph A. J. Paiva, seeks review of a decision of the respondent, Christopher J. Parella, the Chief of Police for the City of East Providence, denying Paiva's application for a permit or license to carry a concealed weapon. Paiva filed a petition for the issuance of a writ of certiorari, which we granted on October 25, 2016.  This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this petition should not summarily be decided. After considering the parties' arguments and after reviewing the record, we conclude that cause has not been shown and that this petition may be decided without further briefing or argument. For the reasons discussed herein, we quash Chief Parella's decision denying Paiva's application and direct Chief Parella to issue, within ninety days of the date of this opinion, a new decision setting forth findings of fact and conclusions of law in conformity with this Court's holding in *Gadomski v. Tavares*, 113 A.3d 387 (R.I. 2015).

# I

## Facts and Travel

For purposes of resolving the issues presently before the Court, we need discuss only the following facts. In October 2015, Paiva, a resident of the Town of Lincoln, applied to Parella, East Providence's chief of police, for a permit to carry a concealed weapon pursuant to G.L. 1956 § 11-47-11.[1] In a letter accompanying his application, Paiva explained that he required a concealed-carry permit because, as both a firearms collector and an operator of an import/export business, he was regularly exposed to large sums of cash. In his application, Paiva also declared that he already had obtained concealed-carry permits in two other states. It is significant that, when responding to questions set forth in the application, Paiva said that he had never been treated for mental illness. Similarly, when inquiry was made as to whether he had ever been arrested, Paiva responded, "No."[2] When prompted on the application as to whether he had previously applied for a concealed-carry permit from either the Attorney General or another city

---

[1] General Laws 1956 § 11-47-11 provides, in pertinent part, that:

> "The licensing authorities of any city or town shall, upon application of any person twenty-one (21) years of age or over having a bona fide residence or place of business within the city or town, or of any person twenty-one (21) years of age or over having a bona fide residence within the United States and a license or permit to carry a pistol or revolver concealed upon his or her person issued by the authorities of any other state or subdivision of the United States, issue a license or permit to the person to carry concealed upon his or her person a pistol or revolver everywhere within this state for four (4) years from date of issue, if it appears that the applicant has good reason to fear an injury to his or her person or property or has any other proper reason for carrying a pistol or revolver, and that he or she is a suitable person to be so licensed." Section 11-47-11(a).

[2] Paiva then qualified his answer: "Never been arrested pursuant to [G.L. 1956 §] 12-1.3-4." Section 12-1.3-4 relates to the effect of the expungement of records of conviction.

or town, Paiva answered that he had been granted a permit from the Attorney General but that it had expired and that his application to the Town of North Smithfield had been denied.

In a letter dated January 25, 2016, Parella informed Paiva that his application had been denied. Parella's letter was brief. He wrote:

> "Dear Mr. * * * Paiva,
>
> "This letter will serve as formal written notification that after careful consideration your application to carry a concealed weapon has been denied. The responsibility for the issuance of a concealed weapon permit by a police chief is an important responsibility that requires close scrutiny and a real demonstration of need by the applicant. I realize you have been a good law abiding citizen, however the issuance of a permit to carry and the requirements involving the issuance of a permit to carry a concealed weapon requires more than just good character. It also requires a proper and true need.
>
> "Do [*sic*] to the fact that you do not live or have a business in East Providence, I urge you to apply through the Lincoln Police Dept. or the Rhode Island Attorney General's Office. If I can be of further assistance in the future, please let me know."

In the order granting Paiva's certiorari petition, this Court directed the parties to address "whether the petitioner can properly claim entitlement to the issuance of a license under § 11-47-11 in light of the petitioner's past assaultive behavior requiring the intervention of Lincoln Police and in light of the Attorney General's revocation, for reasons constituting just cause, of the license his office issued to the petitioner * * *."

## II

### Standard of Review

"It is well settled that '[o]ur review of a case on certiorari is limited to an examination of the record to determine if an error of law has been committed.'" *Gadomski*, 113 A.3d at 389 (quoting *Cruz v. Mortgage Electronic Registration Systems, Inc.*, 108 A.3d 992, 995 (R.I. 2015)).

- 3 -

"Our task is to 'scour the record to discern whether any legally competent evidence supports the lower tribunal's decision and whether the decision-maker committed any reversible errors of law in the matter under review.'" *Preservation Society of Newport County v. City Council of Newport*, 155 A.3d 688, 692 (R.I. 2017) (quoting *Cullen v. Town Council of Lincoln*, 893 A.2d 239, 243-44 (R.I. 2006)).

### III

### Discussion

On certiorari, Paiva requests that this Court exercise its inherent supervisory authority to reverse Parella's decision and order that he be granted a permit to carry a concealed weapon. In seeking that remedy, Paiva first argues that Parella applied the wrong statutory standard when he denied Paiva's application. According to Paiva, Parella's reference to the requirement that Paiva demonstrate "a proper and true need" for a permit sounds in the language of § 11-47-18, which applies to the Attorney General, not § 11-47-11, which applies to municipalities, including the City of East Providence. Paiva also takes issue with the nature of Parella's decision letter, characterizing it as mere boilerplate and lacking the findings of fact and conclusions of law required pursuant to this Court's holding in *Gadomski*. Additionally, Paiva alleges that Parella erroneously supplemented the record before this Court with documents—including police reports from the Town of Lincoln, one of which was prompted by an alert from a mental health professional—that reveal unfavorable information about him. Because Parella issued his denial letter nearly eleven months prior to receiving those documents, Paiva contends that they are not properly before this Court and should not be used to supplement Parella's decision letter.[3]

---

[3] We denied Paiva's motion to strike those documents from the record before us on March 6, 2017.

According to Paiva, the only adequate remedy here is outright reversal of Parella's decision and the issuance of a permit.

We agree that Parella's decision letter falls woefully short of our clear directive in *Gadomski*. As we explained in that case, "[a] local licensing authority need not write a decision rivaling *War and Peace* * * * in length, but its decision must still address the salient reasoning for the denial of a license." *Gadomski*, 113 A.3d at 391. Parella's cursory letter, which contains only "bare, rote conclusions[,]" falls well short of that standard.[4] *Id.*

However, we are of the opinion that a remand, not a reversal, is the appropriate remedy here. Especially in light of the information contained in the documents that Parella submitted to this Court, a new decision is warranted. As alluded to in our order granting Paiva's petition for certiorari, the reports from the Lincoln Police Department reveal that the applicant has a history of "past assaultive behavior requiring the intervention of Lincoln Police * * *." That behavior was brought to our attention by the documents that Parella attached to a filing in this Court. Although it seems clear that Parella did not have those documents when he issued his decision letter, and thus could not have relied on them, we cannot, in good faith, ignore what they disclose. Our review of those documents reveals a troubling history of events that, at the very least, call into question Paiva's suitability to carry a concealed weapon.

In addition to an arguable pattern of "assaultive behavior," the documents also unveil that Paiva was, at best, evasive in answering the questions posed to him on his concealed-carry application. As noted above, on his application, Paiva indicated that his permit from the

---

[4] We reiterate that there is a distinction between the requirements of § 11-47-18, which apply to the Attorney General, and those of § 11-47-11, which apply to cities and towns—including the City of East Providence: "[d]emonstration of a proper showing of need, which is a requirement under § 11-47-18, is not a component of § 11-47-11." *Gadomski v. Tavares*, 113 A.3d 387, 392 (R.I. 2015.

- 5 -

Attorney General to carry a concealed weapon had "expired." Yet, contrary to that assertion, Paiva's permit was revoked by the Attorney General in October 2013.[5] Paiva provided an equally evasive response to a question regarding whether he had ever been arrested. Paiva's less-than-candid answers on his application, coupled with his past behavior, certainly raise doubt as to his suitability to obtain a permit to carry a concealed weapon in this state. Nonetheless, a determination as to his suitability requires findings of fact, best left to the licensing authority—here, Chief Parella—and not this Court.[6] *See State v. Storms*, 112 R.I. 121, 127-28, 308 A.2d 463, 466-67 (1973).

## IV

## Conclusion

Accordingly, Chief Parella's decision denying Paiva's application for a permit or license to carry a concealed weapon is quashed. Chief Parella is directed to issue a new decision setting forth findings of fact and conclusions of law consistent with our holding in *Gadomski* within ninety days of the date of this opinion. Although the focus of our opinion today is on the inadequacy of Chief Parella's decision letter, we emphasize that the new facts brought to light on certiorari may be considered in rendering a new decision. Moreover, as we held in *Gadomski*, if Paiva "is aggrieved by the new decision, he may file an amended petition for writ of certiorari

[5] Although Paiva appealed that revocation, this Court dismissed that appeal as procedurally improper on October 24, 2016.

[6] We pause to note that the language set forth in § 11-47-11 places the burden of determining suitability on the licensing authorities of the cities and towns: usually, police chiefs. *See State v. Storms*, 112 R.I. 121, 127-28, 308 A.2d 463, 466-67 (1973). Under Rhode Island's current statutory scheme for concealed-carry permits, an applicant who has been issued a license or permit by another state can apply to *any* city or town in this state for a permit to carry a concealed weapon, regardless of whether that applicant demonstrates a tangible connection to that city or town. *See* § 11-47-11. In our judgment, the statute requires near-Herculean efforts by police chiefs to determine an applicant's suitability, especially where, as here, a resident with no tangible connection to the City of East Providence applied to that city for a concealed-carry permit.

within sixty days of the issuance of the decision.  In that event, no additional filing fee will be required."  *Gadomski*, 113 A.3d at 392-93.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Joseph A. J. Paiva v. Christopher J. Parella, Chief of Police for the City of East Providence. |
| **Case Number** | No. 2016-166-M.P. |
| **Date Opinion Filed** | January 16, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | N/A |
| **Judicial Officer From Lower Court** | N/A |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>David J. Strachman, Esq.<br><br>For Respondent:<br><br>Robert E. Craven, Esq.<br>Gregory S. Dias, Esq. |