```
┌─────────────────────────────────────────────────────┐
│            NOT FOR PUBLICATION WITHOUT THE            │
│          APPROVAL OF THE APPELLATE DIVISION           │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R. 1:36-3. │
└─────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0364-16T4

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

CECILLE JARRETT, individually
and as executrix of the estate
of ADVIRA WALLACE, DECEASED,

    Defendant-Appellant,

and

MR. JARRETT, husband of Cecille
Jarrett; MIDDLESEX COUNTY COLLEGE
OF NURSING; STATE OF NEW JERSEY and
UNITED STATES OF AMERICA,

    Defendants.

_____

Submitted October 30, 2017 — Decided June 25, 2018

Before Judges Ostrer and Rose.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-016118-15.

Cecille Jarrett, appellant pro se.

Reed Smith LLP, attorneys for respondent (Henry F. Reichner, of counsel and on the brief; Brian P. Matthews, on the brief).

PER CURIAM

In this mortgage foreclosure appeal, defendant Cecille Jarrett appeals from the trial court's order granting summary judgment to plaintiff Wells Fargo Bank, N.A. As we discern no genuine issues of material fact regarding Wells Fargo's right to foreclose, we affirm.

On February 5, 2002, Advira Wallace borrowed $144,000 from Weichert Financial Services (WFS) to purchase a residential property in Piscataway. The thirty-year note was secured by a mortgage on the property in favor of Mortgage Electronic Registration Systems, Inc., as WFS's nominee. Wallace died in 2008, and her daughter Jarrett took title. On April 27, 2012, WFS assigned the mortgage to Wells Fargo. The assignment was recorded five days later.

Jarrett presents no competent evidence to dispute Wells Fargo's contention, based on its payment records, that the loan has been in default since January 1, 2013. On April 18, 2013, Wells Fargo served its notice of intention to foreclose, asserting a total net delinquency of $5,261.79. After Jarrett sought bankruptcy protection, Wells Fargo obtained an order vacating the automatic stay. Shortly thereafter, Wells Fargo filed its foreclosure complaint. The Vice President of loan documentation

certified that before filing the foreclosure complaint, Wells Fargo possessed the note, which was indorsed in blank.

The following year, Wells Fargo filed its summary judgment motion. Jarrett opposed the motion and cross-moved to dismiss the complaint. On May 2, 2016, the trial court granted Wells Fargo's motion, and denied defendant's cross-motion. In a written statement of reasons, Judge Frank M. Ciuffani noted that Wells Fargo, as a holder of the note, possessed standing to enforce the note. This was evidenced by the vice president of loan documentation's certification. This appeal followed.

We review the trial court's grant of summary judgment de novo, applying the same standard that governs the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). "[T]he appellate court should first decide whether there was a genuine issue of material fact, and if none exists, then decide whether the trial court's ruling on the law was correct." Ibid. We extend no special deference to the trial court's legal determinations. Ibid. However, we deferentially review the trial court's evidentiary decisions. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010); MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the

right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). Jarrett presents no competent evidence to contest the first two elements. Rather, she argues Wells Fargo lacked standing. She contends that is so because: Fannie Mae, not Wells Fargo, owns the mortgage note; Wells Fargo presented insufficient proof it possessed the note when it filed its complaint; and the assignment of the mortgage was invalid. We reject these arguments.

It is by now well settled that generally "either possession of the note or an assignment of the mortgage that predate[s] the original complaint confer[s] standing." Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). Here, Wells Fargo met both prerequisites.[1]

Through an appropriate certification of counsel, Wells Fargo presented to the court a true and accurate copy of the filed assignment of the mortgage by MERS, as WFS's nominee, to Wells

---

[1] We recognize that the court in Capital One, N.A. v. Peck, ___ N.J. Super. ___, ___ (App. Div. 2018) (slip op. at 7), held in a case in which the Federal Home Loan Mortgage Corporation, also known as "Freddie Mac," owned the loan, that possession of the note and a valid assignment must precede a complaint. The court still affirmed the foreclosure where the servicer did not possess the note, on equitable grounds. Id. at 8-9. However, as we discuss, Wells Fargo both possessed the note and was an assignee of the mortgage.

Fargo. Jarrett contends the assignment is invalid "because Fannie Mae is still the owner, holder, and controller of the mortgage instruments." We need not reach Wells Fargo's argument that Jarrett lacks standing to challenge the assignment's validity.[2] At most, Jarrett presents evidence — in the form of a "lookup" on Fannie Mae's website — that Fannie Mae owned the loan, although the website also stated that the servicer may physically possess the mortgage note. The website printout says nothing about control of the mortgage. Thus, Jarrett's evidence falls short of establishing that MERS, on behalf of WFS, lacked authority to assign the mortgage, or that the assignment was otherwise invalid.

Furthermore, according to an admissible certification of Wells Fargo's vice president for loan documentation, Wells Fargo possessed the note before it filed its complaint. That provides an alternative basis for Wells Fargo's standing. Deutsche Bank Trust Co. Ams., 428 N.J. Super. at 318. Jarrett's challenge to the certification itself is meritless. Furthermore, even if Fannie Mae owned the loan, that did not deprive Wells Fargo of standing to foreclose. "As a general proposition, a party seeking to

---

[2] Therefore, we need not address whether a third party has standing to challenge a void assignment, even if he or she lacks standing to challenge a voidable assignment. See, e.g. Yvanova v. New Century Mortg. Corp., 365 P.3d 845, 848 (Cal. 2016); Mruk v. Mortg. Elec. Registration Sys., 82 A.3d 527, 536-37 (R.I. 2013).

foreclose a mortgage must own <u>or control</u> the underlying debt." <u>Deutsche Bank Nat'l Trust Co. v. Mitchell</u>, 422 N.J. Super. 214, 222 (App. Div. 2011) (emphasis added); <u>See also</u> N.J.S.A. 12A:3-301 (stating that a person may enforce a note if the person is a holder, a non-holder in possession with rights of the holder, or it is entitled to enforce pursuant to N.J.S.A. 12A:3-309, or N.J.S.A. 12A:3-418(d), even if not in possession of the instrument).

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION