**Supreme Court**

No. 2013-79-Appeal.
(PC 09-4144)

Patricia Breggia et al.          :

v.                               :

Mortgage Electronic Registration Systems,  :
Inc., et al.                     :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Patricia Breggia et al.         :

v.                  :

Mortgage Electronic Registration Systems,  :
Inc., et al.                :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The plaintiffs, Patricia Breggia and Frank A. Breggia (Breggias or plaintiffs), appeal from the entry of summary judgment against them and in favor of the defendants Mortgage Electronic Registration Systems, Inc. (MERS)[1] and OneWest Bank, FSB (OneWest).  This case came before the Supreme Court for oral argument on October 28, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the appeal at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On February 23, 2007, the Breggias executed a promissory note (the note) in favor of defendant American Mortgage Network, Inc. (AmNet), in the amount of $300,000 plus interest,

---

[1] For an explanation of the role of MERS in the mortgage industry, we refer the reader to our opinion in Bucci v. Lehman Brothers Bank, FSB, 68 A.3d 1069, 1072-73 (R.I. 2013).

in order to purchase real estate located at 21 Tabor Drive, Johnston, Rhode Island (the property). The note stated in relevant part: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" To secure payment obligations under the note, the Breggias executed a mortgage (the mortgage) on the property located at 21 Tabor Drive. The mortgage deed denominated the Breggias as the borrowers and mortgagors and specified that MERS was the mortgagee, acting as nominee for lender, AmNet, and lender's successors and assigns. The mortgage deed included the statutory power of sale in favor of MERS as well as its "successors and assigns." In the event that the Breggias failed to fulfill their obligations under the note, it was provided that MERS had the right to enforce its interests, "including, but not limited to, the right to foreclose and sell the Property." The mortgage deed was duly executed and recorded in the Land Evidence Records for the Town of Johnston on February 28, 2007.

AmNet subsequently transferred the note payable without recourse to IndyMac Bank, FSB (IndyMac), which then transferred the note endorsed in blank to Federal National Mortgage Association (Fannie Mae). IndyMac remained the servicing agent of the note on behalf of Fannie Mae.

On July 11, 2008, the Office of Thrift Supervision closed IndyMac and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for IndyMac. The interim bank of IndyMac Federal Bank, FSB (IndyMac Federal) was established, and the FDIC was appointed as conservator for IndyMac Federal. IndyMac's assets were then transferred to IndyMac Federal, and the FDIC, still acting as receiver for IndyMac, assumed IndyMac's responsibilities as servicer of the notes which IndyMac had previously transferred to Fannie Mae. When IndyMac Federal was placed into receivership on March 19, 2009, substantially all of its assets were sold

- 2 -

to OneWest, including the note-servicing rights.  Thereafter, Fannie Mae and OneWest entered into a contract in which OneWest agreed to service the notes then held by Fannie Mae.

On May 15, 2009, MERS, as nominee for original lender AmNet, assigned its interest in the mortgage to OneWest.  OneWest thus stood in a position where it was authorized to service the note for Fannie Mae and was also the mortgagee by assignment from MERS.  When the Breggias failed to make timely payments, OneWest initiated foreclosure proceedings, sending notice of default to the Breggias and scheduling a foreclosure sale for July 28, 2009.  On July 22, 2009, the Breggias filed an action seeking a declaratory judgment, injunctive relief, and compensatory damages in Providence County Superior Court.  Their complaint sought a declaration that the assignment from MERS to OneWest was invalid, and it also sought to quiet title to the property.  The sale was enjoined for two weeks by a Superior Court justice, but was eventually held by OneWest, as mortgagee and servicer for the note-holder, on January 20, 2010.  At the sale, the property was sold to Fannie Mae, and its foreclosure deed was recorded shortly thereafter.

The defendants filed an answer to plaintiffs' complaint, and subsequently, on December 3, 2010, filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Superior Court Rules of Civil Procedure.  The defendants' motion included a motion for certificate of final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.  These motions did not attach any new documents, but instead incorporated by reference the same exhibits attached to their answer.  The Breggias responded with a memorandum objecting to both

motions on March 25, 2011, in which they attached documents that had not been originally attached to their pleading.[2]

After oral argument, the hearing justice issued a written decision on April 3, 2012. Having considered materials outside the pleadings, he converted the motion for judgment on the pleadings to a motion for summary judgment. In his decision, the hearing justice found that the Breggias had failed to demonstrate the existence of a genuine issue of material fact. He found that MERS validly assigned its interest in the mortgage to OneWest and that, as a result, OneWest had the statutory power of sale. The hearing justice further found that the Breggias defaulted under the terms of the note. He then concluded that Fannie Mae, as the buyer at the lawfully noticed and conducted foreclosure sale, held the record title to the property. Accordingly, the hearing justice granted summary judgment in favor of defendants. The Breggias filed a timely notice of appeal to this Court on April 25, 2012.

## II

### Standard of Review

It is well settled that "[t]his Court reviews a trial court's grant of summary judgment de novo." Mruk v. Mortgage Electronic Registration Systems, Inc., 82 A.3d 527, 532 (R.I. 2013) (citing Swain v. Estate of Tyre, 57 A.3d 283, 288 (R.I. 2012)). We "view[ ] the evidence in the

---

[2] Attached to the Breggias' objection memorandum were the following new documents: (a) FDIC's power of attorney transferring its assets to OneWest; (b) a list of names entitled "Exhibit A Attorneys-in-Fact"; (c) a flow chart entitled "Dan & Teri Securities Transaction Process Reverse Engineered Version 4.1"; (d) a flow chart purporting to describe the travel of plaintiffs' mortgage and note; (e) the certifications of verified answers for this matter as well as some of plaintiffs' counsel's other cases; (f) the deposition of Erica Johnson-Seck in a Florida Circuit Court case; (g) an assignment of a mortgage for a different Woonsocket, Rhode Island, property from MERS to IndyMac Federal; (h) flow charts purporting to describe the travel of mortgages of other homeowners plaintiffs' counsel represents; and (i) a United States Department of Treasury consent order, wherein MERS agrees to review its business operations and to take quality-assurance measures.

light most favorable to the nonmoving party." Id. (citing Beauregard v. Gouin, 66 A.3d 489, 493 (R.I. 2013)). "Summary judgment is appropriate when no genuine issue of material fact is evident * * * and the motion justice finds that the moving party is entitled to prevail as a matter of law." Id. (quoting Swain, 57 A.3d at 288). "[T]he nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013) (quoting Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012)). Further, "we will not hesitate to affirm a grant of summary judgment if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *.'" Beauregard, 66 A.3d at 493-94 (quoting Lavoie v. North East Knitting, Inc., 918 A.2d 225, 228 (R.I. 2007)).

## III

### Discussion

#### A

#### Conversion of Rule 12(c) Motion

The plaintiffs' first argument on appeal is that the hearing justice erred in converting defendants' Rule 12(c) motion for judgment on the pleadings into a Rule 56 of the Superior Court Rules of Civil Procedure motion for summary judgment.[3] Before us at oral argument,

---

[3] We recently rejected this argument in a case with similar facts and procedural history on the ground that counsel assents to such a conversion when he or she presents matters outside the pleadings. See Ingram v. Mortgage Electronic Registration Systems, Inc., 94 A.3d 523, 526-27 (R.I. 2014); see also Ouimette v. Moran, 541 A.2d 855, 856 (R.I. 1988) ("In view of the fact that [the plaintiff] clearly encouraged the trial justice to consider matters outside the scope of the complaint, he cannot now be heard to argue that the trial justice acted improperly in considering the motion as one for summary judgment.").

however, plaintiffs' counsel conceded that this contention had no merit, and withdrew it from consideration. We will thus proceed by addressing the hearing justice's decision to grant defendants' motion for summary judgment.

## B

### Grant of Summary Judgment

The plaintiffs contend that the hearing justice erred in determining that no genuine issue of material fact existed such that the granting of summary judgment in favor of defendants was appropriate. They argue that it was error to find that OneWest had an interest in the mortgage and that the foreclosure sale was lawfully noticed and conducted. The plaintiffs also claim that the hearing justice inappropriately relied upon previously decided Superior Court cases in making his decision.[4]

In the present case, plaintiffs have failed to meet their burden of showing the existence of disputed issues of material fact. They contend that there is a question of fact as to whether MERS can serve as a mortgagee with statutory power of sale without at the same time being the holder of the note. In <u>Bucci</u>, we interpreted a mortgage with language identical to that in the present case, and held that MERS, as the nominee of the note holder, was the mortgagee with statutory power of sale. <u>See</u> <u>Bucci v. Lehman Brothers Bank, FSB</u>, 68 A.3d 1069, 1085 (R.I 2013). As in <u>Bucci</u>, the mortgage at issue here reads, "[b]orrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS * * * with the Statutory Power of Sale * * *." <u>Id.</u> at 1081.

---

[4] Although standing was not discussed by the hearing justice, we continue to find persuasive the holding in <u>Wilson v. HSBC Mortgage Services, Inc.</u>, 744 F.3d 1 (1st Cir. 2014), that a mortgagor has standing only as to void contracts and not as to those that are merely voidable. <u>See</u> <u>Moura v. Mortgage Electronic Registration Systems, Inc.</u>, 90 A.3d 852, 856-57 (R.I. 2014) (citing <u>Wilson</u>, 744 F.3d at 10).

We construed that contractual language to indicate that "plaintiffs explicitly granted the statutory power of sale and the right to foreclose to MERS * * *." Id. Given that the Breggias' mortgage contains the same provision, we again conclude that, as a matter of law, the mortgage and the note could be separated and that MERS, as mortgagee, had the statutory power of sale.

The plaintiffs next argue that the assignment of the mortgage from MERS to OneWest was void because MERS did not have the authority to assign it and that, therefore, OneWest did not have the ability to foreclose. We resolved this issue in Mruk, where we held that a mortgage with the same language as the Breggias' mortgage "explicitly granted the power of sale to MERS and its successors and assigns." Mruk, 82 A.3d at 538. In that case, we concluded that, because the assignee of MERS "acquired all the rights which MERS possessed," it obtained "the right to exercise the power of sale." Id. Likewise, here, OneWest, as the assignee of MERS, acquired all the rights MERS possessed, including the statutory power of sale with the ability to foreclose.

The plaintiffs also claim that the foreclosure sale was not properly noticed and conducted because AmNet, as the original lender, alone had the power to do so. We have clearly rejected this argument in Bucci and Mruk, where we held that MERS or its assigns, even without the original note holder, had the power to foreclose. See Mruk, 82 A.3d at 537-38; Bucci, 68 A.3d at 1085-89. As such, AmNet was not required to initiate the foreclosure process.[5] There is nothing in the record to reflect that OneWest failed to comply with its statutory power of sale and the requisite notice provisions. We thus conclude that the foreclosure sale was lawfully noticed and conducted.[6]

---

[5] The plaintiffs have not stated that they did not receive notice of the foreclosure, but only that it should have come from AmNet.
[6] We similarly deem plaintiffs' final claim, that the hearing justice relied on previous Superior Court decisions and failed to view the facts of this case in an independent light, to be without merit. The plaintiffs have failed to cite any case law to support the argument that a hearing

# IV

## Conclusion

Accordingly, we agree with the hearing justice that there are no genuine issues of material fact and that summary judgment was properly granted in favor of the defendants. We therefore return the papers in this matter to the Superior Court.

---

justice may not look to the rationale of previous Superior Court decisions to guide his or her reasoning. Although Superior Court decisions are not binding on this Court, there is no error in the hearing justice's determination that the facts of the present case are virtually the same as the facts the hearing justice previously considered in Payette v. Mortgage Electronic Registration Systems, No. PC 2009-5875, 2011 WL 3794701 (R.I. Super. Aug. 22, 2011).



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    Patricia Breggia et al. v. Mortgage Electronic Registration Systems, Inc., et al.

**CASE NO:**    No. 2013-79-Appeal.
(PC 09-4144)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    November 21, 2014

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  Mindy C. Montecalvo, Esq.

For Defendants:  Paul J. Bogosian, Jr.