November 6, 2025

**Supreme Court**

No. 2024-108-Appeal.
(PM 22-3320)

Porch Swing Holdings LLC     :

v.     :

Wayne A. Mallory et al.     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Porch Swing Holdings LLC          :

v.                               :

Wayne A. Mallory et al.          :


Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  The defendants, Wayne A. Mallory and Linda M. Mallory (the Mallorys or defendants), appeal from a Superior Court order granting summary judgment in favor of the plaintiff, Porch Swing Holdings LLC (Porch Swing Holdings or plaintiff).  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  Having considered the parties' written and oral submissions, we conclude that cause has not been shown and that this matter may be decided at this time.  For the reasons set forth below, we affirm the order granting summary judgment.

## Facts and Travel

In January 2006, Wayne A. Mallory signed a promissory note evidencing a loan from Sovereign Bank in the amount of $28,000. As security for this loan, defendants executed a second mortgage, pledging as collateral real estate located at 21B Waterview Drive, Smithfield, Rhode Island. On the mortgage, the Mallorys were denominated as the borrower or the mortgagor, Sovereign Bank was designated as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) was identified as the mortgagee. MERS held the second mortgage, as nominee for Sovereign Bank, its successors and assigns. As relevant to this appeal, the second mortgage provided that the Mallorys "hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, *with power of sale*, [the property located at 21B Waterview Drive, Smithfield, Rhode Island]." (Emphasis added.) The second mortgage also indicated that:

> "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, *the right to foreclose and sell the Property*, and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage." (Emphasis added.)

- 2 -

After a series of transactions, the second mortgage was assigned to Porch Swing Holdings. It is undisputed—and indeed admitted by Porch Swing Holdings—that the promissory note issued to Sovereign Bank and signed by Wayne A. Mallory was lost, that Porch Swing Holdings does not possess the promissory note, and that Porch Swing Holdings did not lose the promissory note.[1]

On May 27, 2022, plaintiff filed a verified complaint in Providence County Superior Court, naming as defendants the Mallorys, Autumn Run Condominium Association, Milford Federal Savings and Loan Association, and the Rhode Island Department of Revenue Division of Taxation—Employer Tax. Porch Swing Holdings alleged that Wayne A. Mallory failed to tender timely principal and interest payments on the promissory note, thus resulting in default and entitling it to foreclose. The Mallorys answered the complaint and filed a document entitled "counterclaim and supplemental complaint."

In due course, plaintiff filed a motion for summary judgment, claiming that the Mallorys defaulted on the promissory note and the mortgage. As such, Porch Swing Holdings averred it was entitled to invoke the power of sale and enforce the terms of the mortgage. The Mallorys filed an objection and asserted, in pertinent part, that Porch Swing Holdings conceded that it was never in possession of the

---

[1] These admissions were made by Porch Swing Holdings during a hearing on the Mallorys' motion to compel responses to a request for admissions and/or to strike the objections to the request for admissions. *See* Super. R. Civ. P. 36.

- 3 -

promissory note and that the promissory note was lost. According to the Mallorys, these undisputed facts were significant because G.L. 1956 § 6A-3-309, as well as this Court's precedent, provide that a lost promissory note may be enforced only by the party that lost the note. Because Porch Swing Holdings admitted that the promissory note was lost and had never been in its possession, the Mallorys asserted, Porch Swing Holdings may not enforce the promissory note and that, in order to foreclose, plaintiff, or its agent, must possess the promissory note. Thus, the Mallorys averred that the motion for summary judgment should have been denied.

After considering the parties' contentions, the trial justice rejected the Mallorys' arguments. In a bench decision, the trial justice, invoking *Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140 (R.I. 2021), found that no genuine issue of material fact existed concerning defendants' default, and he concluded that Porch Swing Holdings, as the assigned mortgagee, "need not hold the [n]ote in order to foreclose on a property." The trial justice granted Porch Swing Holdings' motion for summary judgment and a written order entered, declaring that "[j]udgment shall enter for * * * [p]laintiff," defendants' "counter-claims are hereby dismissed with prejudice," and Porch Swing Holdings "is entitled to foreclose on the property located at 21B Waterview Drive, Smithfield, RI 02917 pursuant to this Order and

[G.L. 1956] § 34-27-1, et seq. subject to an Order of Sale by the Superior Court."[2]

The Mallorys filed this timely appeal.

## Standard of Review

This Court reviews a decision on a motion for summary judgment *de novo*.

*Pimentel v. Deutsche Bank National Trust Company*, 174 A.3d 740, 743 (R.I. 2017).

---

[2] We note that Rule 58(a)(2) of the Superior Court Rules of Civil Procedure requires that "[e]very judgment shall be set forth on a separate document." As a result of the trial justice granting plaintiff's motion for summary judgment, all issues brought by or against the Mallorys have been resolved. Our review of the Superior Court record further reveals that, by stipulation, Autumn Run Condominium Association has been dismissed from this lawsuit; but it appears that the remaining two defendants—Milford Federal Savings and Loan Association and the Rhode Island Department of Revenue Division of Taxation—Employer Tax—remain in the case. Therefore, the entry of a final judgment was not appropriate. *See* Super. R. Civ. P. 54(b) ("In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.").

Although neither party has raised the appropriateness of this Court's jurisdiction, we also observe that this interlocutory appeal is properly before this Court. "We have held that 'generally, interlocutory orders are not subject to review unless the order or decree falls within one of the exceptions set forth in G.L. 1956 § 9-24-7.'" *Note Capital Group, Inc. v. Perretta*, 207 A.3d 998, 1003 (R.I. 2019) (brackets omitted) (quoting *Cayer v. Cox Rhode Island Telecom, LLC*, 85 A.3d 1140, 1146 (R.I. 2014)). "One such exception is where 'a sale of real or personal property is ordered.'" *Id.* at 1004 (brackets omitted) (quoting § 9-24-7). We previously have held that an order of foreclosure "can be interpreted as one ordering the sale of real property," and thus falls within the exception set forth in § 9-24-7. *Id.*; *see also Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 143 (R.I. 2021) ("Although no final judgment has entered, the order confirming judicial foreclosure is an interlocutory order concerning the sale of real property.").

"Summary judgment is appropriate when no genuine issue of material fact is evident from the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, and the motion justice finds that the moving party is entitled to prevail as a matter of law." *Id.* at 744 (quoting *Mruk v. Mortgage Electronic Registration Systems, Inc.*, 82 A.3d 527, 532 (R.I. 2013)). "Moreover, we will 'affirm a grant of summary judgment if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Id.* (deletion omitted) (quoting *Genao v. Litton Loan Servicing, L.P.*, 108 A.3d 1017, 1021 (R.I. 2015)). "[A] demonstration of 'mere factual disputes will not defeat summary judgment; the requirement is that there be no *genuine* issue of *material* fact.'" *Id.* (quoting *Moura v. Mortgage Electronic Registration Systems, Inc.*, 90 A.3d 852, 856 (R.I. 2014)).

## Discussion

On appeal, the Mallorys contend that the trial justice erred when he entered summary judgment in favor of Porch Swing Holdings despite plaintiff's acknowledgment that the promissory note had been lost and was not in its possession. Relatedly, the Mallorys suggest that the trial justice also erred when he improperly noted during the bench decision that Porch Swing Holdings was the holder of the promissory note and when he failed to apply the provisions in § 6A-3-309 and G.L. 1956 § 34-11-21. *See infra*. Because the promissory note and

the mortgage were contemporaneously executed, the Mallorys contend that "both must be read together to accomplish the purpose of both documents." We disagree.

"Generally, there are two operative documents to a real estate loan transaction—a promissory note and a mortgage." *Note Capital Group, Inc. v. Perretta*, 207 A.3d 998, 1003 (R.I. 2019) (quoting *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069, 1077 (R.I. 2013)). "The promissory note evidences the obligation of the borrower to repay the monies that have been lent, and the mortgage (or mortgage deed) acts as security for that debt." *Id.* (quoting *Bucci*, 68 A.3d at 1077). Additionally, this Court has recognized that "Rhode Island is a title-theory state, in which a mortgagee not only obtains a lien upon the real estate by virtue of the grant of the mortgage deed but also obtains legal title to the property subject to defeasance upon payment of the debt." *Id.* (quoting *Bucci*, 68 A.3d at 1078).

In *Pimentel*, we examined an argument similar to the one posed by the Mallorys; specifically, whether a mortgagee must possess the promissory note at the time of foreclosure. *Pimentel*, 174 A.3d at 745. We rejected this premise and recognized that this Court has "repeatedly said in a long line of cases stemming from *Bucci* * * * [*that*] *a mortgagee need not hold the note in order to foreclose on a property*." *Id.* (emphasis added). This Court stressed that "we have clearly expressed that a mortgagee need not hold the note to foreclose," and that "so long as Deutsche Bank as Trustee is the mortgagee, it can foreclose on [the plaintiff's] property,

*regardless of whether it holds the note.*" *Id.* at 745, 746 n.7 (emphasis added); *see also Medina*, 247 A.3d at 144-45.

Here, the Mallorys do not contest that they have defaulted upon the loan, nor do they challenge that Porch Swing Holdings was properly assigned and maintains the mortgage. For its part, Porch Swing Holdings asserts that it seeks to foreclose on the mortgage without possession of the promissory note.

We have recognized that "the right to exercise the power of sale in a mortgage is derived from contract, not statute." *Bucci*, 68 A.3d at 1084. In the case at bar, the mortgage reads, in pertinent part, "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with *power of sale*, [the property located at 21B Waterview Drive, Smithfield, Rhode Island]." (Emphasis added.) In *Bucci*, this Court reviewed nearly identical contractual language and concluded that the borrowers "explicitly granted the statutory power of sale and the right to foreclose to MERS, and, consequently, MERS has the contractual authority to exercise that right."[3] *Id.* at 1081. In a subsequent matter, this Court was

---

[3] In *Bucci v. Lehman Brothers Bank, FSB*, 68 A.3d 1069 (R.I. 2013), the mortgage stated:

> "Borrower does hereby mortgage, grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory

- 8 -

confronted with the same language that we construed in *Bucci*. In *Breggia v. Mortgage Electronic Registration Systems, Inc.*, 102 A.3d 636 (R.I. 2014), we declared that "as a matter of law, the mortgage and the note could be separated and that MERS, as mortgagee, had the statutory power of sale," and that "even without the original note holder, [the mortgagee] had the power to foreclose." *Breggia*, 102 A.3d at 640-41. Our precedent leaves no doubt concerning the resolution of this matter; Porch Swing Holdings maintained the authority to foreclose on the second mortgage even in the absence of its possession of the promissory note.

Despite our precedent, the Mallorys contend that the trial justice erred when he granted plaintiff's motion for summary judgment and failed to consider and/or apply §§ 6A-3-309[4] and 34-11-21.[5] They are mistaken.

---

Condition and with the Statutory Power of Sale, the [mortgaged] property * * *." *Bucci*, 68 A.3d at 1081.

[4] General Laws 1956 § 6A-3-309 provides, in relevant part:

"(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process."

[5] General Laws 1956 § 34-11-21 provides:

By its plain language, § 6A-3-309 pertains to "[a] person not in possession of an instrument * * *." Here, there is no dispute that Porch Swing Holdings was in possession of the mortgage and that this is the legal instrument upon which it seeks to foreclose. *See, e.g.*, *Hebert v. City of Woonsocket by and through Baldelli-Hunt*, 213 A.3d 1065, 1082 (R.I. 2019) ("[T]he plain statutory language is the best indicator of the General Assembly's intent.") (quoting *Twenty Eleven, LLC v. Botelho*, 127 A.3d 897, 900 (R.I. 2015)). We also disagree with defendants' argument that § 34-11-21 makes "clear that a mortgagee can only foreclose if the mortgagor and borrower are in default of a * * * promissory note owned by the mortgagee, or by an entity for whom the mortgagee is an agent * * *." As discussed,

---

"The following condition shall be known as the 'statutory condition', and may be incorporated in any mortgage by reference:

"(Condition)

"Provided, nevertheless, and this conveyance is made upon the express condition, that if the mortgagor or his or her heirs, executors, administrators or assigns shall pay to the mortgagee or his or her heirs, executors, administrators, or assigns the principal and interest of that certain promissory note bearing even date with this deed and secured by this deed, and shall perform every other obligation secured by this deed, at the time provided in the promissory note or in this deed, and shall also pay all taxes and assessments of every kind levied or assessed upon or in respect of the mortgaged premises, then this deed, as also the promissory note, shall become and be absolutely void to all intents and purposes whatsoever."

- 10 -

this Court has repeatedly held that "a mortgagee need not hold the note in order to foreclose on a property." *Pimentel*, 174 A.3d at 745; *see also Medina*, 247 A.3d at 144-45.

Finally, we deem the defendants' claim that the trial justice improperly resolved a factual issue when he determined that Porch Swing Holdings was in possession of the promissory note to be of no moment. Although it is true that various portions of the bench decision may be read to reference Porch Swing Holdings' possession of the promissory note, other portions of the bench decision reflect the trial justice's clear determination that "any contention that the [n]ote is required to effectuate the foreclosure must fail as a matter of law, and [p]laintiff is entitled to proceed with the foreclosure." This conclusion is consistent with our precedent. *See, e.g.*, *Pimentel*, 174 A.3d at 745; *Medina*, 247 A.3d at 144-45. Because Porch Swing Holdings was entitled to foreclose on the mortgage without possession of the promissory note, any references that the plaintiff maintained possession of the promissory note fails to present a "genuine issue of material fact." *Pimentel*, 174 A.3d at 744 (emphasis omitted).

**Conclusion**

For the reasons stated, the Superior Court's order granting summary judgment is affirmed. Because this matter remains open and unresolved with respect to two

defendants, the Superior Court is directed to vacate the judgment.  The papers in this

case are remanded to the Superior Court.

## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Porch Swing Holdings LLC v. Wayne A. Mallory et al. |
| **Case Number** | No. 2024-108-Appeal.<br>(PM 22-3320) |
| **Date Opinion Filed** | November 6, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Jason MacKeen, Esq.<br>For Defendants:<br><br>John B. Ennis, Esq. |